# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JORGE AVITIA, | ) |
| Petitioner | ) |
| | ) No. 09 CV 4712 |
| vs. | ) |
| | ) Judge Joan H. Lefkow |
| UNITED STATES OF AMERICA, | ) |
| Respondent | ) |

## OPINION AND ORDER

Petitioner Jorge Avitia ("Avitia") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Avitia challenges the 72-month sentence he received after pleading guilty to four criminal counts in connection with drug trafficking. In his petition, Avitia alleges two principal grounds for reduction of his sentence to within the range of 46–57 months: (1) constitutionally ineffective assistance of counsel for failing to file a notice of appeal; and (2) constitutionally ineffective assistance of counsel at his plea and sentencing hearings. Avitia also seeks an evidentiary hearing. For the following reasons, Avitia's petition is denied.

## BACKGROUND

On April 13, 2006, Avitia was arrested in connection with alleged drug-trafficking activity. Eight days later, on April 21, he was released on $100,000 bond. On September 7, 2006, Avitia and two other co-defendants were indicted on sixteen drug-related counts. Avitia was named in Counts 1, 8, 10, 11, 12, 13, and 16, but he only pled guilty to Counts 1, 8, 11, and 16. Count One charged conspiracy to possess with the intent to distribute more than 500 grams of cocaine, and more than 100 grams of heroin in violation in 21 U.S.C. § 846 and 18 U.S.C. § 2. Counts Eight and Eleven charged possession with the intent to distribute a controlled substance,

namely, more than 500 grams of mixtures containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count Sixteen charged knowing and intentional distribution of a controlled substance, namely, approximately 113.7 grams of mixtures containing cocaine, in violation of 21 U.S.C. § 841(a)(1). Initially, Avitia appeared before Magistrate Judge Maria Valdez on September 13, 2006 and entered a plea of not guilty.

After retaining counsel, Avitia entered a guilty plea before this court on April 3, 2008. Avitia's counsel objected to the sentencing-guideline calculations in the pre-sentence report ("PSR"), which recommended enhancing Avitia's sentence for his role in the offense[1] and for possession of a firearm in connection with the offense.[2] Because Avitia's counsel and the government could not agree on the terms of a suitable plea bargain, Avitia entered a blind plea and allowed the court to determine the sentence. Avitia faced a mandatory minimum sentence of five years, a minimum four-year term of supervised release, and a guidelines imprisonment range of 87 to 108 months.[3] At the July 30, 2008 sentencing hearing, Avitia's attorney argued for a downward departure from the guidelines sentencing range on the basis of the factors listed in 18 U.S.C. § 3553. Pursuant to this request, the court sentenced Avitia to 72 months imprisonment on the four counts, to run concurrently. The court also imposed four years of supervised release;

---

[1] Pursuant to U.S.S.G. § 3B1.1(c), the offense is increased two levels if the defendant was an organizer, leader, manager, or supervisor of the criminal activity which involved less than five participants. The government alleged that Avitia directed the activities of co-defendant Manuel Rubio-Rodriguez, who supposedly worked as a courier for Avitia.

[2] Pursuant to U.S.S.G. § 2D1.1(b)(1), the offense is increased two levels if the defendant possessed a firearm in connection with the offense. Federal agents found a handgun located in a night stand in Avitia's bedroom, in the same residence where contraband was discovered.

[3] Avitia's PSR calculated a total offense level of 31. At Avitia's sentencing hearing, the court ruled that the two-level weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) was inappropriate, and recalculated the guidelines to level 29.

a fine of $2500; and a special assessment of $400. On August 4, 2008, judgment was entered, and the clock began to run on the one-year statute-of-limitations period for filing a motion challenging the sentence. *See* 28 U.S.C. § 2255(f). Avitia did not file a notice of appeal within ten days of entry of judgment, which means his § 2255 motion is the only possible basis for relief.[4] Avitia filed his § 2255 motion on August 3, 2009—one day before it would have been time-barred—and thus it is timely.

## DISCUSSION

Relief under § 2255 "is reserved for extraordinary circumstances." *United States* v. *Hays*, 397 F.3d 564, 566 (7th Cir. 2005) (citations and internal quotation marks omitted). A district court must grant a § 2255 motion to vacate, set aside, or correct a sentence when the petitioner establishes "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id*. at 566–67 (citations and internal quotation marks omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Cooper* v. *United States*, 378 F.3d 638, 641–42 (7th Cir. 2004) (district court did not abuse its discretion in denying petitioner an evidentiary hearing where petitioner did not provide additional facts or assertions that would warrant a hearing).

---

[4] On December 1, 2009, Rules 4 and 26 of the Federal Rules of Appellate Procedure were amended to extend the deadline for filing a notice of appeal in a criminal case from 10 days to 14 days. *United States* v. *Rollins*, 607 F.3d 500, 501 (7th Cir. 2010).

## I. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland* v. *Washington,* 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner "bears a heavy burden in establishing an ineffective assistance of counsel claim," *United States* v. *Trevino*, 600 F.3d 333, 338 (7th Cir. 1995), particularly since the *Strickland* test "is highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States* v. *Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997) (internal quotation marks omitted).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the court to specific acts or omissions of his counsel. *Fountain* v. *United States,* 211 F.3d 429, 434 (7th Cir. 2000) (citing *Trevino,* 600 F.3d at 338). The court must then consider whether, in light of all of the circumstances, counsel's performance was outside the range of professionally competent assistance. *Id.* Counsel's performance must be evaluated while remembering that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.* To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A court need not address both prongs of the *Strickland* test if one provides the answer; that is, if a court determines that the alleged deficiency did not prejudice the defendant, the court need not consider the first

4

prong. *United States* v. *Fudge*, 325 F.3d 910, 924 (7th Cir. 2003) (citing *Matheney* v. *Anderson*, 253 F.3d 1025, 1042 (7th Cir. 2001)).

A. **Counsel's decision not to file notice of appeal**

An attorney's failure to file a notice of appeal on behalf of a client does not constitute *per se* deficient performance under *Strickland*. *See Roe* v. *Flores-Ortega*, 528 U.S. 470, 477–78, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). Instead of a bright-line rule, in situations where an attorney does not file a notice of appeal, the court must first ask the antecedent question of "whether counsel in fact consulted with the defendant about an appeal."[5] *Id.* at 478. If counsel consults with a defendant who specifically directs counsel to file a notice of appeal, counsel performs in a "professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.*; *see also Castellanos* v. *United States*, 26 F.3d 717, 719 (7th Cir. 1994) ("[I]f the defendant . . . insists on appealing, the lawyer must file the notice of appeal and represent his client earnestly unless relieved by the court of appeals."). On the other hand, if counsel does not consult with the defendant, and the defendant never instructs counsel to file a notice of appeal, the question becomes "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Roe*, 528 U.S. at 478.

In cases where the defendant's wishes to file a notice of appeal are either unclear or not conveyed to counsel, *Roe* provides two separate tests for determining whether counsel's failure to file such notice of appeal violates the performance and prejudice prongs of *Strickland*. As to

---

[5] The Court in *Roe* intended the term "consult" to convey a specific meaning: "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." 528 U.S. at 478.

the performance prong, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480. This is a totality-of-the-circumstances test that requires courts to take into account "all the information counsel knew or should have known."[6] *Id.*

The prejudice prong of *Roe*'s ineffective-assistance inquiry mirrors the prejudice standard articulated in *Strickland*, insofar as *Roe* also requires the defendant to show *actual* prejudice. To prove that counsel's failure to file a notice of appeal resulted in prejudice, the defendant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with [defendant] about an appeal, [defendant] would have timely appealed." *Id.* at 484. Like the performance prong, the prejudice prong is a totality-of-the-circumstances inquiry. This notwithstanding, "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire for appeal will often be highly relevant" to the issue of prejudice.[7] *Id.* at 485. The Court stressed, however, that "a defendant's inability to specify the points he would raise were his right to appeal reinstated will

---

[6] Justice O'Connor's majority opinion notes that a "highly relevant" (though not determinative) factor in this inquiry is whether the conviction follows trial or a guilty plea, "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." 528 U.S. at 480. If a guilty plea is entered, the court must consider factors such as "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.*

[7] Both prongs may be satisfied if the defendant shows nonfrivolous grounds for appeal. This is not to say, however, that the two prongs are always coextensive: "To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal. But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal." 528 U.S. at 486.

not foreclose the possibility that he can satisfy the prejudice requirement where there are other *substantial reasons* to believe he would have appealed." *Id.* at 486 (emphasis added) (citations and internal quotation marks omitted). As with any *Strickland* inquiry, the defendant must establish both deficient performance *and* actual prejudice to prove that counsel was constitutionally ineffective. *Nunez* v. *United States*, 546 F.3d 450, 453–54 (7th Cir. 2008).

In applying *Roe* to the facts of this case, the court finds that Avitia's petition does not satisfy the heavy burden that is necessary to prove deficient performance by his attorney. First, nothing in the record indicates that a rational defendant would want to appeal the 72-month sentence handed down by this court. Each of the counts to which Avitia pleaded guilty carried a mandatory minimum sentence of 60 months. At the sentencing hearing, Avitia faced a sentencing range of 87–108 months, but this court concluded that § 3553 factors warranted a lower sentence. The fact that Avitia's sentence is 15 months shorter than the minimum guideline sentence strongly suggests that a rational defendant would not want to appeal. *See Bednarski* v. *United States*, 481 F.3d 530, 536 (7th Cir. 2007) (no rational person in the defendant's position would have appealed the sentence in question because it was at the bottom of the sentencing guidelines range.[8]). Avitia's § 2255 motion asks for a reduced sentence between 46–57 months, but not even the most merciful federal judge could impose such a lenient sentence, considering it falls short of the statutorily prescribed *mandatory minimum* sentence of 60 months that follows from a conviction on any one of the four counts charged. In sum, where the court has sentenced

---

[8] As in the present case, the defendant in *Bednarski* was fully apprised of the sentencing range he faced prior to entering his guilty plea, as well as the possible consequences of entering a guilty plea. In *Bednarski*, the defendant faced a sentencing guideline range of 70–87 months and received a sentence of 70 months. 481 F.3d at 531.

Avitia to a prison term below the sentencing guidelines range, no rational defendant in Avitia's position would have appealed this sentence.

Second, no credible evidence in the record indicates that Avitia reasonably demonstrated to his attorney that he was interested in appealing his sentence. Mr. Kevin P. Bolger, Avitia's attorney, filed an affidavit in which he stated that Avitia neither requested he file a notice of appeal nor expressed dissatisfaction with the sentence. GA 8–9. Bolger also stated in his affidavit that, although he advised Avitia's family of Avitia's right to appeal, no family member ever asked him about appealing. *Id.* In the memorandum in support of his § 2255 motion, Avitia presents no specific information rebutting Bolger's affidavit beyond general, conclusional allegations that Bolger failed to file an appeal "as requested." P. Mot. 6.

In failing to offer any supplemental materials supporting these general claims, Avitia runs afoul of the Seventh Circuit's "insistence that a petition under 28 U.S.C. § 2255 include an affidavit setting forth the specific basis for relief." *Kafo* v. *United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). Under Rule 2(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, a § 2255 motion must state the facts supporting each ground for relief in a form that is signed by the movant under penalty of perjury.[9] *Id.* Strict observance of the affidavit requirement is warranted given that § 2255 relief "is reserved for extraordinary circumstances." *Hays*, 397 F.3d at 566. This threshold verification measure "serves to ensure that a petitioner can provide *some evidence* beyond conclusory and speculative allegations, even if that evidence is his verified statement alone." *Kafo*, 467 F.3d at 1068 (emphasis in original).

---

[9] The applicable local rule in this jurisdiction also provides that a § 2255 motion should be filed on the form provided by the court, which includes a declaration under penalty of perjury to accompany the petitioner's signature. *See* N.D. Ill. Local Rule 81.3(a).

Although Avitia's form motion is sworn to, the memorandum he filed in support of his motion is not. Avitia has thus failed to satisfy the threshold requirement of bringing forth some minimal evidentiary basis for his alleged request to file a notice of appeal.

Without any evidence that Avitia reasonably demonstrated a desire to appeal, this court must hold that his attorney's performance was not deficient under *Strickland.* No rational defendant in Avitia's position would want to appeal the 72-month sentence, and Avitia never timely demonstrated to his counsel any desire to appeal it.

Even if this court were to hold that Bolger's performance was constitutionally ineffective, Avitia has not presented any evidence that he was prejudiced under *Roe* as a result of Bolger's advocacy. First, Avitia has failed to bring forth evidence showing that he would have appealed his sentence, but for his attorney's (allegedly) ineffective performance. Second, Avitia has not alleged nonfrivolous grounds for appealing the judgment. During his plea colloquy, Avitia did not challenge the drug quantities or any other material facts stated by the prosecutor with regard to what the evidence in this case would show. Quite the opposite, when asked whether he agreed with the prosecution's statement of the crimes he committed, Avitia responded, "Yes." GA 53–54. Avitia's counsel did object to the two-level supervisory-role enhancement that was imposed pursuant to U.S.S.G. § 3B1.1(c), which Avitia could have appealed. Avitia, however, agreed with the evidence stated by the prosecutor that demonstrated Avitia's utilization of co-defendant Rubio-Rodriguez in making narcotics deliveries to co-defendant Perez. On the basis of this uncontradicted and unchallenged evidence, the two-level supervisory enhancement was clearly appropriate. Without offering any new evidence at this

9

stage tending to show otherwise, Avitia's objection to this enhancement would be frivolous and thus a waste of time.

Avitia was not prejudiced in any way by his counsel's failure to appeal. Avitia has failed to satisfy either prong of the *Roe* test, and thus this court holds that his attorney was not constitutionally ineffective under *Strickland* for failing to file a notice of appeal.

**B.     Counsel's performance during plea and sentencing hearings**

Avitia makes several assertions buttressing his other *Strickland* claim of ineffective assistance at his plea and sentencing hearings, but each one is belied by his sworn statements at the plea colloquy and by his counsel's advocacy on his behalf at the sentencing hearing. Avitia's memorandum asserts that he was pressured and coerced to accept the plea; that counsel did not seek a downward departure at sentencing; that counsel misled him as to the potential punishment he faced; failed to advise him of his constitutional rights and the burdens of proof placed upon the government; failed to investigate the facts of the case and all possible defenses; and failed to challenge the drug quantities. None of these allegations holds up under scrutiny.

The transcript of the plea colloquy flatly contradicts the deficiencies Avitia alleges to have occurred. While under oath, Avitia stated that he understood the charges against him, had discussed the charges with his attorney, and was fully satisfied with his counsel's representation and advice. He also stated that nobody had made any promises or threats to him in an effort to persuade him to plead guilty. The court advised him of the penalties he faced, and he confirmed that he had discussed the sentencing guidelines with counsel.[10] The court also advised him of his

---

[10]     THE COURT: All right. Have you and your attorney talked about what we call the Sentencing Guidelines?
         DEFENDANT: Yes.

(continued...)

10

constitutional right to a jury trial and that at trial the government would have to prove the charges against Avitia beyond a reasonable doubt. Additionally, at the court's request the prosecutor recited the facts and evidence the government would present at trial to prove the charges. In response to a question from the court, Avitia stated that he agreed with the prosecutor's statement of what he had done. And finally, the PSR made factual findings with respect to the drug amounts, to which there were no objections.

In reneging on those sworn statements uttered at his plea colloquy, Avitia repudiates his guilty plea. But a guilty plea is not so easily disregarded—it is a "grave and solemn act." *United States* v. *Ellison*, 798 F.2d 1102, 1106 (7th Cir. 1986). "Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States* v. *Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "A guilty plea admits, in legal effect, the facts as charged." *United States* v. *Rietzke*, 279 F.3d 541, 545 (7th Cir. 2002). The district judge must be able to rely on the defendant's sworn testimony at the plea hearing, and "representations and admissions made by a defendant in a plea agreement and during a change of plea hearing are therefore entitled to a presumption of verity." *United States* v. *Loutos*, 383 F.3d 615, 619 (7th Cir. 2004) (citations and internal quotation marks omitted). Considering the weight afforded a guilty plea and the prominent role such pleas

---

[10](...continued)
        THE COURT: Do you understand that the guidelines are in a sense a formula that the Court must consider in determining the sentence that you are to receive?
        DEFENDANT: Yes.
        THE COURT: And have you and Mr. Bolger talked about how those Sentencing Guidelines might apply to your case?
        DEFENDANT: Yes.
GA 40.

play in our criminal justice system, defendants who want to repudiate a validly entered plea must come forth with more than just an unsworn memorandum making general allegations that are contradicted by earlier statements made under oath. Avitia has presented no evidence casting doubt on the validity of his guilty plea, and thus this court finds that Avitia's counsel was not ineffective during and preceding the plea hearing.

As with Avitia's notice-of-appeal arguments, which focused exclusively on his counsel's *performance* under *Strickland*, Avitia has failed to assert that counsel's allegedly ineffective representation at the plea colloquy resulted in *prejudice* that affected the outcome of the plea. Without arguing or showing that but for counsel's errors there is a reasonable probability that he would have pleaded not guilty and stood trial, Avitia has failed to satisfy the prejudice prong. *See Hill* v. *Lockhart*, 474 U.S. 52, 58–59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Hence, Avitia has not proven that his counsel was constitutionally ineffective at the plea hearing.

Finally, Avitia's claim of counsel's ineffectiveness at his sentencing hearing is baseless. Avitia's counsel's performance was a model of effective representation. As a result of his counsel's advocacy, Avitia obtained a sentence that was a full fifteen months shorter than the minimum sentence recommended by the sentencing guidelines. Avitia's counsel objected to the PSR's recommendation for a firearm enhancement and prevailed, thus downgrading his offense level from 31 to 29. Counsel also objected to the supervisory-level enhancement and stridently argued why he did not think it should apply. Although counsel did not prevail on this argument, he brought it to the court's attention and at least gave Avitia a chance for another downgrade in offense level. There is absolutely no merit to Avitia's arguments on this issue.

In conclusion, this court holds that Avitia's counsel was not constitutionally ineffective. He was not ineffective when he failed to file a notice of appeal, because no rational defendant would have wanted to appeal and Avitia never reasonably demonstrated a desire to appeal. Moreover, Avitia has presented no evidence showing either that he was prejudiced or that his counsel performed deficiently at his plea hearing and sentencing hearing. Avitia has thus failed to satisfy the stringent *Strickland* test that is necessary to prove ineffective assistance of counsel under the Sixth Amendment.

## II.     Evidentiary Hearing

Avitia has "failed to offer the district court any objective facts outside the trial record that would warrant an evidentiary hearing," *Cooper*, 378 F.3d at 641. The trial record itself flatly contradicts Avitia's claims for relief. Furthermore, his petition, the government's response, and the record in the case conclusively demonstrate that Avitia is not entitled to any relief under § 2255. Therefore, Avitia's § 2255 motion is denied without the need for an evidentiary hearing.

## **CONCLUSION AND ORDER**

For the foregoing reasons, Avitia's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby denied.

Dated: Nov. 10, 2010          Enter:  _____
                                             JOAN HUMPHREY LEFKOW
                                             United States District Judge